UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BERKSHIRE PARTNERS LLC,                :
                                        :
                    Plaintiff,          :    Index No. 08-CV-00556 (GEL)
                                        :
            -against-                   :    **ANSWER TO COUNTERCLAIMS**
                                        :
BALL CORPORATION,                       :
                                        :
                    Defendant.          :
                                        :
------------------------------------------------------------x

      Plaintiff Berkshire Partners LLC ("Berkshire"), by its attorneys, Ropes & Gray LLP, for its Answer to the Counterclaims of defendant Ball Corporation ("Ball"):

## THE PARTIES

    1. Admits the allegations contained in paragraph 1 of the Counterclaims.

    2. Admits the allegations contained in paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

    3. Admits the allegations contained in paragraph 3 of the Counterclaims.

    4. Admits the allegations contained in paragraph 4 of the Counterclaims.

    5. Admits the allegations contained in paragraph 5 of the Counterclaims.

## NATURE OF THE COUNTERCLAIMS

    6. Denies each and every allegation contained in paragraph 6 of the

Counterclaims, except admits that Berkshire has asserted that Ball is not entitled to indemnification with respect to most or all of its claimed Losses.

7. Denies each and every allegation contained in paragraph 7 of the Counterclaims.

## FACTUAL BACKGROUND

8. Admits the allegations contained in paragraph 8 of the Counterclaims.

9. Admits the allegations contained in paragraph 9 of the Counterclaims.

10. Admits the allegations contained in paragraph 10 of the Counterclaims.

11. Admits the allegations contained in paragraph 11 of the Counterclaims.

12. Denies each and every allegation contained in paragraph 12 of the Counterclaims, except admits that the Merger Agreement sets forth, among other things, certain representations, warranties and covenants, and refers to the Merger Agreement for the full contents thereof.

13. Denies each and every allegation contained in paragraph 13 of the Counterclaims, except admits that Berkshire was appointed to be the Securityholders' Representative in connection with the merger transaction, and refers to the Merger Agreement for the full contents thereof.

14. Denies each and every allegation contained in paragraph 14 of the Counterclaims.

15. Denies each and every allegation contained in paragraph 15 of the Counterclaims, except admits that Ball provided notice of its demand for indemnification

through its Notice of Claim dated June 19, 2007, and refers to the Notice of Claim for the full contents thereof.

16. Admits the allegations contained in paragraph 16 of the Counterclaims.

17. Denies each and every allegation contained in paragraph 17 of the Counterclaims, except admits that on July 9, 2007, Berkshire sent a letter to Ball requesting certain documents and information, and refers to such letter for the full contents thereof.

18. Denies each and every allegation contained in paragraph 18 of the Counterclaims, except admits that Ball agreed to provide Berkshire with some of the documents and information requested.

19. Denies each and every allegation contained in paragraph 19 of the Counterclaims, except admits that Ball provided some of the documents and information requested, as well as oral responses to some of the questions asked by Berkshire.

20. Denies each and every allegation contained in paragraph 20 of the Counterclaims, except admits that Berkshire made additional requests for documents and information, and that Ball provided some of the documents and information requested, as well as oral responses to some of the questions asked by Berkshire.

21. Denies each and every allegation contained in paragraph 21 of the Counterclaims, except admits that Berkshire has found Ball's indemnification claims to be without merit.

## COUNTERCLAIM I
### (Negligent Misrepresentation)

22. Repeats and realleges its answers to paragraphs 1-21 of the Counterclaims.

23. States that paragraph 23 sets forth a legal conclusion to which no response is required, and to the extent that a response is required, denies each and every allegation contained in paragraph 23 of the Counterclaims.

24. Denies each and every allegation contained in paragraph 24 of the Counterclaims, except admits that the Merger Agreement sets forth, among other things, certain representations, warranties and covenants, and refers to the Merger Agreement for the full contents thereof.

25. Denies each and every allegation contained in paragraph 25 of the Counterclaims.

26. Denies each and every allegation contained in paragraph 26 of the Counterclaims.

27. Denies each and every allegation contained in paragraph 27 of the Counterclaims.

28. Denies each and every allegation contained in paragraph 28 of the Counterclaims.

29. Denies each and every allegation contained in paragraph 29 of the Counterclaims.

30. Denies each and every allegation contained in paragraph 30 of the Counterclaims.

31. Denies each and every allegation contained in paragraph 31 of the Counterclaims.

## COUNTERCLAIM II
### (Breach of the Merger Agreement)

32. Repeats and realleges its answers to paragraphs 1-31 of the Counterclaims.

33. Denies each and every allegation contained in paragraph 33 of the Counterclaims, except admits that the Merger Agreement sets forth, among other things, certain representations, warranties and covenants, and refers to the Merger Agreement for the full contents thereof.

34. Denies each and every allegation contained in paragraph 34 of the Counterclaims.

35. Denies each and every allegation contained in paragraph 35 of the Counterclaims.

36. Denies each and every allegation contained in paragraph 36 of the Counterclaims, except admits that Ball provided notice of its demand for indemnification through its Notice of Claim dated June 19, 2007, and refers to the Notice of Claim for the full contents thereof.

37. Denies each and every allegation contained in paragraph 37 of the Counterclaims, except admits that Ball provided some of the documents and information requested by Berkshire.

38. Denies each and every allegation contained in paragraph 38 of the Counterclaims, except admits that Berkshire has found Ball's indemnification claims to be without merit.

39. Denies each and every allegation contained in paragraph 39 of the

Counterclaims.

40. Denies each and every allegation contained in paragraph 40 of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

41. The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

42. The Counterclaims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

43. The Counterclaims are barred, in whole or in part, by Ball's material and other breaches of the Merger Agreement.

### FOURTH AFFIRMATIVE DEFENSE

44. The Counterclaims are barred, in whole or in part, by Ball's failure to mitigate its damages.

### FIFTH AFFIRMATIVE DEFENSE

45. Berkshire owed no duty of care to Ball.

### SIXTH AFFIRMATIVE DEFENSE

46. The Counterclaims are barred, in whole or in part, by Ball's contributory negligence and/or contributory fault.

SEVENTH AFFIRMATIVE DEFENSE

47. The Counterclaims are barred, in whole or in part, by Section 9.6 of the Merger Agreement, which provides that, with the exception of specified injunctive relief, "indemnification pursuant to this Article IX and Section 6.12 will be the exclusive remedy for any breach of this Agreement (including any representation, warranty, covenant and agreement contained in this Agreement) other than in respect of claims based on conduct constituting fraud or intentional misrepresentation."

Dated: March 3, 2008

                          ROPES & GRAY LLP

                          By ___/s/ Jerome C. Katz_____
                                 Jerome C. Katz
                          1211 Avenue of the Americas
                          New York, New York 10036
                          jerome.katz@ropesgray.com
                          (212) 596-9000

                          Attorneys for Plaintiff Berkshire Partners LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2008, I served the accompanying Answer to Counterclaims upon the following counsel of record by filing such papers with the Clerk of the District Court using the ECF system:

>Lauren E. Aguiar, Esq.
>SKADDEN, ARPS, SLATE,
> MEAGHER & FLOM LLP
>Four Times Square
>New York, New York  10036
>laguiar@skadden.com
>(212) 735-3000

>　/s/ Jerome C. Katz
>Jerome C. Katz
>ROPES & GRAY LLP
>1211 Avenue of the Americas
>New York, New York  10036
>jerome.katz@ropesgray.com
>(212) 596-9000

>Attorneys for Plaintiff Berkshire Partners LLC