UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                       :

BERKSHIRE PARTNERS LLC,           :

                       Plaintiff,      :    Index No. 08-CV-00556 (GEL)

                                         :

           -against-             :

                                         :

BALL CORPORATION,               :

                       Defendant.     :

-------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
## OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York  10036
(212) 596-9000

Attorneys for Plaintiff Berkshire Partners LLC

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

THE FACTS ........................................................................................................................ 2

    A.  The Merger Agreement ........................................................................................ 2

    B.  The Present Action ............................................................................................... 4

THE STANDARD OF REVIEW ....................................................................................... 5

ARGUMENT ....................................................................................................................... 6

THE EXCLUSIVE REMEDY PROVISION OF THE
MERGER AGREEMENT EXPRESSLY PRECLUDES
BALL'S CLAIM FOR NEGLIGENT MISREPRESENTATION .................................. 6

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Abry Partners V, L.P. v. F & W Acquisition LLC,
    891 A.2d 1032 (Del. Ch. 2006) ...................................................................7

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955 (2007)...............................................................................5

Broadwell America, Inc. v. Bram Will El LLC,
    7 A.D.3d 411, 776 N.Y.S.2d 483 (1st Dep't 2004)......................................7

Daily News, L.P. v. Rockwell Int'l Corp.,
    256 A.D.2d 13, 680 N.Y.S.2d 510 (1st Dep't 1988).....................................7

Edwards v. North American Van Lines,
    129 A.D.2d 869, 513 N.Y.S.2d 895 (3d Dep't 1987) ....................................7

Gladliz, Inc. v. Castiron Court Corp.,
    177 Misc. 2d 392, 677 N.Y.S.2d 662 (Sup. Ct., N.Y. County, 1998) ...........7

In re Actrade Fin. Techs. Ltd.,
    2007 WL 433358 (Bankr. S.D.N.Y. 2007).................................................7, 8

Jana Master Fund, Ltd. v. JPMorgan Chase & Co.,
    19 Misc. 3d 1106(A), 2008 WL 746540......................................................6

Liberty Mut. Ins. Co. v. Palace Car Services Corp.,
    2007 WL 2287902 (E.D.N.Y. 2007) ...........................................................6

Life Product Clearing LLC v. Angel,
    530 F. Supp. 2d 646 (S.D.N.Y. 2008) .........................................................5

McCarthy v. Astrue,
    2007 WL 4444976 (S.D.N.Y. 2007)............................................................5

Patane v. Clark,
    508 F.2d 106 (2d Cir. 2007) ......................................................................5

Rochester Fund Municipals v. Amsterdam Municipals Leasing Corp.,
    296 A.D.2d 785, 746 N.Y.S.2d 512 (3d Dep't 2002) ...................................6

Small v. Lorillard Tobacco Co.,
    94 N.Y.2d 43, 720 N.E.2d 892 (1999).........................................................7

Sterling Nat'l Bank v. Park Ave. Bank, N.A.,
    2006 N.Y. Misc. LEXIS 2888 (Sup. Ct., N.Y. County, 2006) ................................................ 8

Wright v. Barnhart,
    473 F. Supp. 2d 488 (S.D.N.Y. 2007) ................................................................................... 5

## OTHER AUTHORITIES

BLACK'S LAW DICTIONARY (8th ed. 2005) ....................................................................................... 6

Federal Rules of Civil Procedure Rule 9(b) .................................................................................... 6

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................................................. 5

Federal Rules of Civil Procedure Rule 12(c) .............................................................................. 1, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                 :

BERKSHIRE PARTNERS LLC,           :

                 Plaintiff,      :     Index No. 08-CV-00556 (GEL)

                                   :

        -against-              :

                                   :

BALL CORPORATION,               :

                 Defendant.    :

                                   :
------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

### PRELIMINARY STATEMENT

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, plaintiff Berkshire Partners LLC ("Berkshire") submits this memorandum of law in support of its motion for partial judgment on the pleadings. By this motion, Berkshire seeks a dismissal with prejudice of the counterclaim for negligent misrepresentation set forth in Counterclaim I contained in the Answer and Counterclaims filed by defendant Ball Corporation ("Ball"). This counterclaim is plainly not actionable as a matter of law because the applicable merger agreement between the parties expressly prohibits it.

## THE FACTS

### A. The Merger Agreement

On February 14, 2006, Ball Corporation and Ball Aerosol and Specialty Container Corporation, on the one hand, and U.S. Can Corporation ("U.S. Can") and the Securityholders of U.S. Can, on the other, entered into an Agreement and Plan of Merger (the "Merger Agreement" or "Agreement"). The Merger Agreement is governed by New York law. (Merger Agreement at § 11.5.[1]) Pursuant to the Merger Agreement, the Securityholders of U.S. Can sold U.S. Can to Ball. Under the Agreement, plaintiff Berkshire is the Securityholders' Representative. (Id. at § 10.1.)

The Merger Agreement contains certain representations and warranties, as set forth in Article III of the Agreement (the "Representations" and "Warranties"), and certain covenants, as set forth in Article VI of the Agreement (the "Covenants"). The Merger Agreement provides that the Representations and Warranties

> "shall be true and correct . . . in each case as of the date of this Agreement and
> as of the Closing Date as though made on the Closing Date, except to the
> extent such representations and warranties expressly relate to an earlier date,
> in which case as of such earlier date, except for such breaches or inaccuracies
> that have not had or would not have, individually or in the aggregate, a
> Company Material Adverse Effect."[2]

(Id. at § 7.2(a).) The Merger Agreement also provides that, with respect to the Covenants set forth in Article VI of the Merger Agreement, "[t]he Company [U.S. Can] shall have

---

[1]  The full text of the Merger Agreement is attached as Exhibit A to Ball's Answer and
Counterclaims. Those sections of the Merger Agreement that are relevant to this motion
are attached as Exhibit 1 to the Declaration of Jerome C. Katz dated May 19, 2008,
accompanying this memorandum.

[2]  "Company Material Adverse Effect" is defined at Section 3.1 of the Merger Agreement.
That term does not affect this motion.

performed all obligations and complied with all agreements or covenants of the Company to be performed or complied with by it under this Agreement prior to the Closing Date in each case in all material respects." (Id. at § 7.2(b).)

The Merger Agreement provides that if, prior to the closing of the transactions contemplated by the Agreement, U.S. Can has breached a Representation or Warranty and failed to cure such breach within a specified period of time, and if the breach has a Material Adverse Effect, then Ball can terminate the Merger Agreement. (Id. at § 8.3.) Likewise, in the event that U.S. Can has failed to perform any Covenant prior to the closing date in any material respect, Ball can terminate the Merger Agreement. (Id.)

Following the closing of the merger transaction, however, Ball's sole remedy under the Merger Agreement, except in the case of fraud or intentional misrepresentation, is a claim for indemnification pursuant to Article IX and Section 6.12 of the Agreement. Specifically, Section 9.6 of the Agreement ("Section 9.6" or the "Exclusive Remedy Clause") provides as follows:

> "Exclusive Remedy. Except for remedies that cannot be waived as a matter of Law or as provided in Section 11.11,[3] if the Closing occurs, indemnification pursuant to this Article IX and Section 6.12 will be the exclusive remedy for any breach of this Agreement (including any representation, warranty, covenant and agreement contained in this Agreement), other than in respect of claims based on conduct constituting fraud or intentional misrepresentation." (Emphasis added.)

Furthermore, in Section 5.11 of the Merger Agreement ("Section 5.11" or the "Non-Reliance Clause"), Ball specifically disclaims its reliance on any representations made outside the four corners of the Merger Agreement:

---

[3]    Section 11.11 addresses specific performance of the provisions of the Merger Agreement, and does not affect the present motion.

"Knowledge. [Ball] has conducted an independent investigation of the business of the Company and has been furnished with or given adequate access to such information about the business of the Company as it has requested. In entering into this Agreement, [Ball] acknowledges that it has relied solely upon the aforementioned investigation and the specific representations, warranties and covenants of the Company and the Securityholders set forth in this Agreement and the Company Disclosure Schedule and in the other documents contemplated hereby." (Emphasis added.)

The transactions contemplated by the Merger Agreement closed on March 27, 2006. Thus, under the terms of the Exclusive Remedy Clause, Ball's only remedy (absent a fraud or intentional misrepresentation claim) for any losses arising out of the merger transaction is a claim for indemnification pursuant to Article IX and Section 6.12 of the Merger Agreement.

## B. **The Present Action**

On January 23, 2008, Berkshire brought this action against Ball. Berkshire's Complaint seeks a declaratory judgment that Berkshire and the other Securityholders are not required to indemnify Ball for any alleged losses claimed by Ball. In its Answer and Counterclaims, Ball alleges two counterclaims against Berkshire: Counterclaim I is for negligent misrepresentation, and Counterclaim II is for breach of the Merger Agreement.

In Counterclaim I, Ball asserts that Berkshire owed a duty to Ball to provide "all information material to the Merger Transaction." (Answer and Counterclaims at ¶ 23.) Also, despite Ball's express representation in Section 5.11 that it was not relying on anything other than the Representations, Warranties and Covenants, Ball alleges that "Ball trusted and relied on [Berkshire and the Securityholders] to make truthful and complete disclosures and statements of all facts material to the Merger Transaction." (Id. at ¶ 25.)

4

In Counterclaim II (which Berkshire does not challenge on this motion), Ball alleges that the Representations, Warranties and Covenants were "inaccurate as of the date of the Merger Agreement" and that Berkshire and the other Securityholders consequently breached the Merger Agreement. (Answer and Counterclaims at ¶ 34.)

## THE STANDARD OF REVIEW

Berkshire is moving under Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial-- a party may move for judgment on the pleadings." A Rule 12(c) motion is governed by the same standard that applies to a motion to dismiss for failure to state a claim under Rule 12(b)(6). Life Product Clearing LLC v. Angel, 530 F. Supp. 2d 646, 651 (S.D.N.Y. 2008). The "court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in her favor." Id. "The question is whether the pleading alleges enough facts to state a claim for relief that is plausible on its face." Id. (quoting Patane v. Clark, 508 F.2d 106, 111-12 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007))) (internal quotations omitted). Judgment on the pleadings is appropriate where "no material facts are disputed" and judgment as a matter of law is appropriate. Wright v. Barnhart, 473 F. Supp. 2d 488, 492 (S.D.N.Y. 2007); see also McCarthy v. Astrue, 2007 WL 4444976, at *5 (S.D.N.Y. 2007).

## ARGUMENT

### THE EXCLUSIVE REMEDY PROVISION OF THE MERGER AGREEMENT EXPRESSLY PRECLUDES BALL'S CLAIM FOR NEGLIGENT MISREPRESENTATION

Ball's counterclaim for negligent misrepresentation is explicitly barred by Section 9.6 of the Merger Agreement. Section 9.6 says that "indemnification . . . will be the exclusive remedy for any breach of this Agreement . . . other than in respect of claims based on conduct constituting fraud or intentional misrepresentation." (Emphasis added.) Thus, the parties have expressed their clear and unambiguous intent to limit (with only one exception) the available post-closing remedies for alleged losses arising out of the Merger Agreement to a claim for "indemnification." That exception is a claim for "fraud or intentional misrepresentation."[4]

Here, Ball has not alleged fraud or intentional misrepresentation. Nor could it. Nothing in Ball's Answer and Counterclaims could even remotely support a fraud claim, or satisfy the stringent pleading requirements of Rule 9(b).

Negligent misrepresentation is, of course, neither fraud nor intentional misrepresentation. See Jana Master Fund, Ltd. v. JPMorgan Chase & Co., 19 Misc. 3d 1106(A), 2008 WL 746540, at **3-5 (Sup. Ct., N.Y. County, 2008) (requiring a showing of scienter for a fraud claim, but not for a negligent misrepresentation claim); see also BLACK'S LAW DICTIONARY 548 & 839 (8th ed. 2005) (defining negligent misrepresentation as a "careless or inadvertent false statement in circumstances where care should have been taken,"

---

[4] "Fraud" and "intentional misrepresentation" mean the same thing. Liberty Mut. Ins. Co. v. Palace Car Services Corp., 2007 WL 2287902, at *2 (E.D.N.Y. 2007); Rochester Fund Municipals v. Amsterdam Municipals Leasing Corp., 296 A.D.2d 785, 788, 746 N.Y.S.2d 512, 516 (3d Dep't 2002).

which is in contrast to the intentionality found in the definition of fraud, a "knowing

misrepresentation of the truth . . ."). <u>Compare</u> <u>Small v. Lorillard Tobacco Co.</u>, 94 N.Y.2d 43,

57, 720 N.E.2d 892, 898 (1999) (requiring scienter as an element of fraud), <u>with</u> <u>In re Actrade</u>

<u>Fin. Techs. Ltd.</u>, 2007 WL 433358, at *5 (Bankr. S.D.N.Y. 2007) (not requiring scienter as an

element of negligent misrepresentation).

       There is, moreover, no public policy against the waiver of negligent

misrepresentation claims. <u>Broadwell America, Inc. v. Bram Will El LLC</u>, 7 A.D.3d 411, 411,

776 N.Y.S.2d 483, 483 (1st Dep't 2004) (enforcing limitation of remedies clause by "denying

a reduction in the purchase price based on the sellers' alleged misrepresentations"); <u>see</u> <u>also</u>

<u>Edwards v. North American Van Lines</u>, 129 A.D.2d 869, 870, 513 N.Y.S.2d 895, 897 (3d

Dep't 1987) (noting that "[c]ontractual limitations on remedies are generally enforced unless

entered into under circumstances evidencing fraud or unconscionability"); <u>Daily News, L.P.</u>

<u>v. Rockwell Int'l Corp.</u>, 256 A.D.2d 13, 13, 680 N.Y.S.2d 510, 510 (1st Dep't 1988)

(enforcing limitation for recovery of consequential damages); <u>Gladliz, Inc. v. Castiron Court</u>

<u>Corp.</u>, 177 Misc. 2d 392, 397, 677 N.Y.S.2d 662, 666 (Sup. Ct., N.Y. County, 1998)

(enforcing limitation of remedies clause, which provided that declaratory judgment or specific

performance were sole remedies available if landlord unreasonably withheld its consent for

assignment of commercial lease); <u>Abry Partners V, L.P. v. F & W Acquisition LLC</u>, 891 A.2d

1032, 1064 (Del. Ch. 2006) (enforcing limitation on remedies where buyer disclaimed

reliance on any extra-contractual representations).

In short, there is simply no plausible justification for Ball's first counterclaim for negligent misrepresentation. It should therefore be dismissed forthwith, before Berkshire is forced to spend any more time or money defending against it.[5]

## **CONCLUSION**

For the reasons set forth above, Berkshire respectfully requests that Counterclaim I be dismissed with prejudice, and that Berkshire be granted judgment on the pleadings with respect to such claim.

Respectfully submitted,

ROPES & GRAY LLP

By _____/s/ Jerome C. Katz_____
Jerome C. Katz
1211 Avenue of the Americas
New York, New York 10036
jerome.katz@ropesgray.com
(212) 596-9000

Attorneys for Plaintiff Berkshire Partners LLC

Dated: May 19, 2008

---

[5]  Ball's counterclaim for negligent misrepresentation is legally deficient for additional reasons, which the Court need not reach to decide this motion. For example, under New York law, the economic loss doctrine precludes a claim for negligent misrepresentation in a case such as this. According to the economic loss doctrine, one cannot sue in tort for that which is already governed by a contract. In re Actrade, at *5 (Bankr. S.D.N.Y. 2007) (granting summary judgment and dismissing claim for negligent misrepresentation, noting that such a claim cannot be based on the "breach of a duty allegedly owed under a contract"); Sterling Nat'l Bank v. Park Ave. Bank, N.A., 2006 N.Y. Misc. LEXIS 2888, at *17 (Sup. Ct., N.Y. County, 2006) (granting motion to dismiss because it is "impermissible . . . to recast a contract-based cause of action as one for negligent misrepresentation").

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, I served the accompanying Notice of

Motion, Declaration of Jerome C. Katz and Plaintiff's Memorandum of Law in Support of Its

Motion for Partial Judgment on the Pleadings upon the following counsel of record by Federal

Express and by filing such papers with the Clerk of the District Court using the ECF system:

> Lauren E. Aguiar, Esq.
> SKADDEN, ARPS, SLATE,
>  MEAGHER & FLOM LLP
> Four Times Square
> New York, New York  10036
> laguiar@skadden.com
> (212) 735-3000


> ROPES & GRAY LLP
>
> By _____/s/ Jerome C. Katz_____
>         Jerome C. Katz
> 1211 Avenue of the Americas
> New York, New York  10036
> jerome.katz@ropesgray.com
> (212) 596-9000
>
> Attorneys for Plaintiff Berkshire Partners LLC