UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BERKSHIRE PARTNERS LLC,                    )
                                           )
            Plaintiff/Counterclaim-defendant,    )        Case No. 08-CV-00556 (GEL)
                                           )
            v.                             )        **Electronically filed**
                                           )        **ECF Case**
BALL CORPORATION,                          )
                                           )
            Defendant/Counterclaim-plaintiff.    )
                                           )
                                           )
                                           )
_____

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Lauren E. Aguiar
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036
Tel:    (212) 735-3000
Fax:    (212) 735-2000
lauren.aguiar@skadden.com

Charles F. Smith, admitted *pro hac vice*
Ryan A. Horning, admitted *pro hac vice*
Christie O. Tate, admitted *pro hac vice*
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
333 West Wacker, Suite 2100
Chicago, Illinois  60606
Tel:    (312) 407-0700
Fax:    (312) 407-0411

*Attorneys for defendant/counterclaim-
plaintiff Ball Corporation*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 2

I.    U.S. Can's Representations............................................................................. 2

II.   This Dispute ................................................................................................... 3

STANDARD OF REVIEW .............................................................................................. 3

ARGUMENT .................................................................................................................... 4

I.    The Contract Remedy Provision Applies Only To Breach Of Contract And Does
      Not Touch Ball's Negligent Misrepresentation Claim. ...................................... 4

CONCLUSION ................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**                                                         **Page**

*Bank of New York v. Bram Mfg. Corp.*,
   8 Misc. 3d 1017(A), at *8, 803 N.Y.S. 2d 17 (N.Y. Sup. Ct.,
   Rockland County, 2005) ........................................................................................... 5

*Evans v. Famous Music Corp.*,
   807 N.E.2d 869, 872, 1 N.Y. 3d 452, 458 (N.Y. App. 2004) ..................................... 4

*Hydro Investors, Inc. v. Trafalgar Power Inc.*,
   227 F.3d 8, 16-18 (2d Cir. 2000) .............................................................................. 6

*Lafer Amster & Co. v. Stone Container Corp.*,
   690 F. Supp. 1356, 1360 (S.D.N.Y. 1988) (*quoting Bloor v. Carro,
   et al.*, 754 F.2d 57, 61 (2d Cir. 1985) ........................................................................ 4

*Scaglione v. Chappaqua Central School Dist.*,
   209 F. Supp. 2d 311, 312 (S.D.N.Y. 2002).............................................................. 3

*White v. Nixon*,
   19 Misc. 3d 1120(A), 2008 WL 1757417, at *3 (N.Y. Sup. Ct,
   Steuben County, Apr. 13, 2008) ............................................................................... 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————

| | |
|---|---|
| BERKSHIRE PARTNERS LLC, | ) |
| | ) |
|     Plaintiff/Counterclaim-defendant, | ) |
| | ) |
|     v. | ) |
| | ) |
| BALL CORPORATION, | ) |
| | ) |
|     Defendant/Counterclaim-plaintiff. | ) |
| | ) |
| | ) |

Case No. 08-CV-00556 (GEL)

**Electronically filed**
**ECF Case**

———————————————————————

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendant/counterclaim-plaintiff Ball Corporation ("Ball") respectfully submits this Memorandum of Law in Opposition to Berkshire Partners LLC's ("Berkshire") Motion for Partial Judgment on the Pleadings (the "Motion" or "Mot.").[1]  In support thereof, Ball states:

## PRELIMINARY STATEMENT

Berkshire's motion for partial judgment on the pleadings stretches the Merger Agreement to ends the parties never intended.  Berkshire claims that a provision in the Merger Agreement that expressly affects Ball's rights only with respect to a claim sounding in breach of contract further prohibits Ball from bringing its negligent misrepresentation claim.  In doing so, Berkshire substitutes its desired interpretation of the Merger Agreement for the plain language that already exists.  Long-standing law says it may not do so.

———————

[1]  Additionally, Ball references herein Berkshire's Memorandum of Law (the "Memorandum" or "Mem.") that accompanied its Motion.

## STATEMENT OF FACTS

I.    **U.S. Can's Representations**

Ball acquired U.S. Can Corporation ("U.S. Can") on February 14, 2006, through the Merger Agreement between Ball and Ball Aerosol and Specialty Container Corporation, on one hand, and U.S. Can and its Securityholders, on the other (the "Merger"). Plaintiff/counter-defendant in the instant case, Berkshire, has, by agreement, served as the U.S. Can Securityholders' representative subsequent to the Merger. (Merger Agreement at § 10.1.)

In connection with the Merger, U.S. Can and its Securityholders made certain representations and warranties to Ball concerning, as relate to this case, various environmental, safety, and financial matters. At the parties' direction, these representations and warranties were captured by and are evidenced within Article III of the Merger Agreement. Ball, in deciding to participate in the Merger and acquire U.S. Can, trusted and relied upon Berkshire to provide it truthful information. (Ball Answer and Counterclaims ¶ 25.)

The Merger Agreement also contains an indemnification provision, through which U.S. Can and its Securityholders agreed to indemnify Ball if Ball suffered losses due to any breach of the Merger Agreement. (*See* Merger Agreement at § 9.) The indemnification provision, which does not limit itself to the subject representations and warranties, but rather covers any breach of the Merger Agreement, includes limitations on the remedies Ball may seek for U.S. Can's or its Securityholders' breach of the Merger Agreement:

> Exclusive Remedy. Except for remedies that cannot be waived as a matter of Law . . . indemnification pursuant to this Article IX and Section 6.12 will be the exclusive remedy for any *breach* of this Agreement (including any representation, warranty, covenant, and agreement contained in this Agreement), other than in respect of claims based on conduct constituting fraud or intentional misrepresentation.

2

(*Id.* at § 9.6 (the "Contract Remedy Provision.") (emphasis supplied).)  The Merger Agreement, however, provides no limitations on the remedies Ball may seek for U.S. Can's and its Securityholders' failure to comply with their non-contractual, legal obligation to disclose to Ball truthful information material to the Merger.

## II.    This Dispute

Certain of U.S. Can's and its Securityholders' representations and warranties were untrue when made.  (*See* Ball Answer and Counterclaims ¶ 27.)  Ball unsuccessfully sought from Berkshire compensation for losses it incurred resulting from these untruths, citing its indemnification rights under the Merger Agreement.  (*Id.* ¶¶ 36-38.)  Berkshire, having refused to comply with its indemnification obligations, truncated discussions between the parties and filed this action on January 23, 2008.

Ball brings against Berkshire two counterclaims—one for breach of contract relating to Berkshire's failure to comply with its contractual indemnification obligations (*see id.* ¶¶ 32-40), and one for negligent misrepresentation relating to U.S. Can's failure to comply with its non-contractual, legal obligation to disclose to Ball all information material to Ball's acquisition of U.S. Can (*see id.* ¶¶ 22-31).  In connection with its negligent misrepresentation claim, Ball cites the Merger Agreement as evidence of the statements U.S. Can made to Ball in connection with the Merger.  (Ball Answer and Counterclaims ¶ 24.)

## STANDARD OF REVIEW

Berkshire moves under Rule 12(c) of the Federal Rules of Civil Procedure.  As Berkshire notes, the standard of review under Rule 12(c) is identical to that attendant to a motion to dismiss brought under Rule 12(b)(6).  (Mem. at 5); *see Scaglione v. Chappaqua Central School Dist.*, 209 F. Supp. 2d 311, 312 (S.D.N.Y. 2002).  Accordingly, in considering Berkshire's Motion, this

Court "must accept as true all of the well pleaded facts alleged in [Ball's counterclaims] and may not dismiss the action unless the [C]ourt is convinced that '[Ball] can prove no set of facts in support of [its] claim which would entitle [it] to relief.'"  *Lafer Amster & Co. v. Stone Container Corp.*, 690 F. Supp. 1356, 1360 (S.D.N.Y. 1988) (*quoting Bloor v. Carro, et al.*, 754 F.2d 57, 61 (2d Cir. 1985).

## ARGUMENT

### I.    The Contract Remedy Provision Applies Only To Breach Of Contract And Does Not Touch Ball's Negligent Misrepresentation Claim.

"A written agreement that employs clear and unambiguous terms must be enforced according to its plain meaning."  *White v. Nixon*, 19 Misc. 3d 1120(A), 2008 WL 1757417, at *3 (N.Y. Sup. Ct., Steuben County, Apr. 13, 2008).  Such is the case here.  By its plain language, the Merger Agreement's Contract Remedy Provision restricts only Ball's rights with respect to a breach of contract claim, and not its rights under a negligent misrepresentation, or any other, claim.  The provision plainly and clearly states that it operates solely in connection with a "breach of [the Merger] Agreement" where fraud or intentional misrepresentation are not present.

That is, the provision does not apply to any claims not in the form of breach of contract. The analysis therefore ends with the Merger Agreement's silence regarding negligent misrepresentation.  *See Evans v. Famous Music Corp.*, 807 N.E.2d 869, 872, 1 N.Y. 3d 452, 458 (N.Y. App. 2004) (Where "intent is discernible from the plain meaning of the language of the contract, there is no need to look further. This may be so even if the contract is silent on the disputed issue.")

Nonetheless, Berkshire steps past the Contract Remedy Provision's plain language, claiming that the provision's "fraud or intentional misrepresentation" language, rather than enhancing Ball's rights with respect to breach of contract, instead carves out those claims and

excludes negligent misrepresentation.  (Mem. at 6.)  In support, Berkshire notes simply that

"negligent misrepresentation is, of course, neither fraud nor intentional misrepresentation."  (*Id.*

at 6.)  Berkshire ignores, however, the relevant issue: that negligent misrepresentation is not

breach of contract, the sole focus of the provision's limitation.

Berkshire, even had it not made the representations and warranties in the Merger

Agreement, had a duty to act reasonably to furnish Ball true and correct information material to

the Merger itself.  *See Bank of New York v. Bram Mfg. Corp.*, 8 Misc. 3d 1017(A), at *8, 803

N.Y.S. 2d 17 (N.Y. Sup. Ct., Rockland County, 2005) (noting duty to disclose in business

transaction where "one party has superior knowledge that is not readily accessible to another and

that party knows the other party is acting on the basis of mistaken knowledge").[2]  Ball simply

references the Merger Agreement to evidence U.S. Can's and its Securityholders' failure to

satisfy their duty.[3]

Ball, with its counterclaims, has adequately pleaded an indemnification claim (through

breach of contract for Berkshire's refusal to satisfy its obligations) for Berkshire's breach of its

statements in the Merger Agreement, and a negligent misrepresentation claim, for Berkshire's

failure altogether to provide Ball materially accurate information in connection with the Merger.

The Merger Agreement nowhere excludes Ball's right to assert both claims.[4]

---

[2]    As Berkshire notes, Ball, within the Merger Agreement, disclaimed reliance on other representations.
(Mem. at 3; *see* Merger Agreement at § 5.11.)  Ball's disclaimer, however, did nothing to alter
Berkshire legal obligations in connection with the Merger itself, to which Ball's negligent
misrepresentation claim relates.

[3]    As Ball's counterclaims allege, Berkshire had a duty to provide to Ball materially accurate
information in connection with the "Merger *Transaction*" itself, the materially false nature of which is
best evidenced by the representations and warranties contained within the Merger Agreement.  (*See*
Ball Answer and Counterclaims at ¶¶ 22-23 (emphasis added).)

[4]    Berkshire, in passing, states that "Ball's counterclaim for negligent misrepresentation is legally
deficient for additional reasons, which the Court need not reach to decide this motion."  (Mem. at 8
                                                                                                                          *(cont'd)*

5

## **CONCLUSION**

For the foregoing reasons, Ball respectfully requests that this Court deny Berkshire's

Motion for Partial Judgment on the Pleadings.

Dated: New York, New York
      June 3, 2008

<div style="margin-left:40%">

/s/ Lauren E. Aguiar

Lauren E. Aguiar
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036
Tel:    (212) 735-3000
Fax:   (212) 735-2000
lauren.aguiar@skadden.com

Charles F. Smith, admitted *pro hac vice*
Ryan A. Horning, admitted *pro hac vice*
Christie O. Tate, admitted *pro hac vice*
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
333 West Wacker, Suite 2100
Chicago, Illinois  60606
Tel:    (312) 407-0700
Fax:   (312) 407-0411

*Attorneys for defendant/counterclaim-
plaintiff Ball Corporation*

</div>

---

*(cont'd from previous page)*

    n.5.)  Aside from being outside the bounds of its own Motion, Berkshire's sole "additional reason," that the economic loss doctrine bars Ball's negligent misrepresentation claim, incorrectly assumes that Ball simply is "recasting" its indemnification claim.  Ball, rather, brings two independent claims, with different elements, different allegations, and different remedies, an entirely appropriate course of action within the circumstances.  *See Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 16-18 (2d Cir. 2000) (applying New York law and holding that economic loss doctrine did not bar negligence claim where the claim arose from a duty unrelated to the underlying contract).