UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                       :

BERKSHIRE PARTNERS LLC,           :

                      Plaintiff,      :     Index No. 08-CV-00556 (GEL)

               -against-          :

                                         :

BALL CORPORATION,                :

                     Defendant.     :

-------------------------------------------------------------x

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York  10036
(212) 596-9000

Attorneys for Plaintiff Berkshire Partners LLC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................ 3

I. THE NON-RELIANCE CLAUSE AND THE ECONOMIC
   LOSS DOCTRINE WORK TOGETHER TO PRECLUDE
   A CLAIM FOR NEGLIGENT MISREPRESENTATION ....................................... 3

    A. The Non-Reliance Clause Precludes a Claim for Negligent
       Misrepresentation Concerning Extra-Contractual Representations ................. 3

    B. The Economic Loss Doctrine Precludes a Claim
       for Negligent Misrepresentation Concerning
       Representations Found Within the Merger Agreement ................................... 5

II. THE EXCLUSIVE REMEDY CLAUSE CONFIRMS
    WHAT THE AGREEMENT AS A WHOLE HAS ALREADY
    MADE CLEAR--THAT A BREACH OF CONTRACT SUIT
    FOR INDEMNIFICATION AND A TORT SUIT FOR FRAUD
    ARE THE EXCLUSIVE REMEDIES AVAILABLE TO BALL ........................... 6

CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Abry Partners v. F & W Acquisition,
    891 A.2d 1032 (Del. Ch. 2006) ..................................................................................... 5

Bango v. Naughton,
    184 A.D.2d 961, 584 N.Y.S.2d 942 (3d Dep't 1992) ................................................... 4

Bank of New York v. Bram Mfg. Corp.,
    8 Misc. 3d 1017(A), 803 N.Y.S.2d 17 (Sup. Ct., Rockland County, 2005) ............... 4

Chase Manhattan Bank, N.A. v. Edwards,
    87 A.D.2d 935, 450 N.Y.S.2d 76 (3d Dep't 1982), aff'd, 59 N.Y.2d 817, 451
    N.E.2d 486 (1983) ....................................................................................................... 4

Chelsea, LLC v. Seventh Chelsea Assocs., LLC,
    304 A.D.2d 498, 759 N.Y.S.2d 48 (1st Dep't 2003) ................................................... 4

Corhill Corp. v. S.D. Plants, Inc.,
    9 N.Y.2d 595, 176 N.E.2d 37 (1961) .......................................................................... 2

Danann Realty Corp. v. Harris,
    5 N.Y.2d 317, 157 N.E.2d 597 (1959) ........................................................................ 5

DynCorp v. GTE Corp.,
    215 F. Supp. 2d 308 (S.D.N.Y. 2002) ........................................................................ 4

Greater New York Mut. Ins. Co. v. Mutual Marine Office, Inc.,
    3 A.D.3d 44, 769 N.Y.S.2d 234 (1st Dep't 2003) ...................................................... 2

Hydro Investors, Inc. v. Trafalgar Power Inc.,
    227 F.3d 8 (2d Cir. 2000) ........................................................................................... 6

In re Actrade Fin. Techs. Ltd.,
    2007 WL 433358 (Bankr. S.D.N.Y. 2007) ............................................................ 3, 5

In re Dana Corp.,
    2007 WL 4105714 (S.D.N.Y. 2007) .......................................................................... 5

JHW Greentree Capital, L.P. v. Whittier Trust Co.,
    2005 WL 3008452 (S.D.N.Y. 2005) .......................................................................... 4

JP Morgan Chase Bank v. Winnick,
    350 F. Supp. 2d 393 (S.D.N.Y. 2004) ...................................................................... 3, 6

Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.,
    244 F.R.D. 204 (S.D.N.Y. 2007) ................................................................................ 6

Sterling Nat'l Bank v. Park Ave. Bank, N.A.,
    2006 N.Y. Misc. LEXIS 2888 (Sup. Ct., N.Y. County, 2006) ................................. 6

Westmoreland Coal Co. v. Entech, Inc.,
    100 N.Y.2d 352, 794 N.E.2d 667 (2003) .................................................................. 2

**OTHER AUTHORITIES**

RESTATEMENT (SECOND) OF CONTRACTS § 202 cmt. d (1981) ...................................................... 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
BERKSHIRE PARTNERS LLC,                                     :
                                                            :
                              Plaintiff,                    :    Index No. 08-CV-00556 (GEL)
                                                            :
              -against-                                     :
                                                            :
                                                            :
BALL CORPORATION,                                           :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------x

### PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiff Berkshire Partners LLC ("Berkshire") respectfully submits this reply memorandum of law in further support of its motion for partial judgment on the pleadings.

### PRELIMINARY STATEMENT

Ball's Opposition (the "Opposition" or "Opp.") is based on a nonsensical reading of the Merger Agreement. Section 9.6 of the Merger Agreement (the "Exclusive Remedy Clause") goes to the trouble of expressly saying that, except for a suit for "indemnification," Ball can only bring a claim for "fraud or intentional misrepresentation." Nothing else survives. Why would the Exclusive Remedy Clause be written the way it is unless the whole point was to carve out only one tort--"fraud or intentional misrepresentation?" If the parties intended to carve out anything else--such as "negligent misrepresentation"--they would have said so.

The parties' use of the word "breach" in the Exclusive Remedy Clause--which Ball clings to like a lifeline--is a non-event because, with the exception of a fraud claim, a claim for breach is all Ball has. Indeed, the remainder of the provision, by referring more widely to "conduct" and specifically identifying the only <u>tort</u> that would survive, clearly shows that the parties' intent in the Exclusive Remedy Clause was to list the only two types of claims that Ball could assert--an indemnification claim and a tort claim for fraud. Notably, the clause refers to "<u>intentional</u>" misrepresentation. That's about as clear as the English language can be when it wishes to exclude "<u>negligent</u>" misrepresentation.

Moreover, Berkshire's interpretation is completely reinforced by Section 5.11 of the Merger Agreement (the "Non-Reliance Clause").[1] This section precludes any claim based on <u>extra</u>-contractual representations. What's more, the economic loss doctrine bars any tort claim based on <u>intra</u>-contractual representations. As a result, as a matter of simple logic, Ball has no permissible claims except a claim for indemnification for breach of the Merger Agreement, or a tort claim for fraud. The Merger Agreement leaves room for nothing else.[2]

---

[1]    It is well settled that courts must interpret a contract so as to give meaning to all of its terms. <u>Corhill Corp. v. S.D. Plants, Inc.</u>, 9 N.Y.2d 595, 599, 176 N.E.2d 37, 38 (1961) (noting "cardinal rule of construction that a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect") (internal quotations omitted); <u>Greater New York Mut. Ins. Co. v. Mutual Marine Office, Inc.</u>, 3 A.D.3d 44, 50, 769 N.Y.S.2d 234, 239 (1st Dep't 2003); <u>see also</u> RESTATEMENT (SECOND) OF CONTRACTS § 202 cmt. d (1981).

[2]    In <u>Westmoreland Coal Co. v. Entech, Inc.</u>, 100 N.Y.2d 352, 794 N.E.2d 667 (2003), a case, like this one, involving a corporate acquisition, the New York Court of Appeals was faced with--and rejected--the same kind of myopic textual argument that Ball is making here. The Court cautioned against a result in which the "meaning of a writing may be distorted where undue force is given to single words or phrases"; endorsed the reading of

(Cont'd on next page)

# ARGUMENT

## I.

## THE NON-RELIANCE CLAUSE AND THE ECONOMIC LOSS DOCTRINE WORK TOGETHER TO PRECLUDE A CLAIM FOR NEGLIGENT MISREPRESENTATION

### A. The Non-Reliance Clause Precludes a Claim for Negligent Misrepresentation Concerning Extra-Contractual Representations

The Non-Reliance Clause of the Merger Agreement is fatal to Ball's claim for negligent misrepresentation to the extent that Ball's claim relates to alleged representations made outside the four corners of the Agreement. Ball argues in its Opposition that it "trusted and relied upon Berkshire to provide it truthful information" (Opp. at 2); that Berkshire had a duty "to furnish Ball true and correct information" about the Merger Transaction; and that the Non-Reliance Clause "did nothing" to alter this alleged duty (Opp. at 5). But Ball's reliance argument is doomed by the Non-Reliance Clause.[3]

---

(Cont'd from previous page)

an agreement "as a harmonious and integrated whole"; and found that the words of the provisions in question, "when read in the context of the entire Agreement rather than in isolation, are plain enough." 100 N.Y.2d at 358-60, 794 N.E.2d at 670-72 (internal quotations omitted).

[3] Nor could Ball ever establish a duty of care in the first place. Contrary to the Opposition, Berkshire owed no duty of care to Ball. In an arm's-length commercial transaction between two sophisticated parties, no duty of care exists, absent special expertise or a fiduciary duty or a special relationship. See, e.g., JP Morgan Chase Bank v. Winnick, 350 F. Supp. 2d 393, 402 (S.D.N.Y. 2004) (dismissing claim for negligent misrepresentation because bank had "sophisticated means" by which it could have assessed lending risk); In re Actrade Fin. Techs. Ltd., 2007 WL 433358, at *5-6 (Bankr. S.D.N.Y. 2007) ("In assessing the existence of a duty arising out of a special relationship, courts consider whether the person making the representation held or appeared to hold unique or special expertise; . . . knowledge of the particulars of the company's business . . . does not constitute the type of specialized knowledge that is required in order to impose a duty of

(Cont'd on next page)

Where a party admits that it has not relied on facts other than those within its own knowledge and those in the contract itself, a claim of negligent misrepresentation based on extra-contractual representations cannot survive as a matter of law. JHW Greentree Capital, L.P. v. Whittier Trust Co., 2005 WL 3008452, at *10 (S.D.N.Y. 2005) (granting motion to dismiss negligent misrepresentation claim where integration clause in merger agreement disclaimed reliance on extra-contractual representations and "exclusivity clause" provided for indemnification as the sole remedy for any breach of a representation in the merger agreement); DynCorp v. GTE Corp., 215 F. Supp. 2d 308, 328 (S.D.N.Y. 2002); Chelsea, LLC v. Seventh Chelsea Assocs., LLC, 304 A.D.2d 498, 498, 759 N.Y.S.2d 48, 49 (1st Dep't 2003); Bango v. Naughton, 184 A.D.2d 961, 963, 584 N.Y.S.2d 942, 944 (3d Dep't 1992); Chase Manhattan Bank, N.A. v. Edwards, 87 A.D.2d 935, 936, 450 N.Y.S.2d 76, 78 (3d Dep't 1982), aff'd, 59 N.Y.2d 817, 819, 451 N.E.2d 486, 486 (1983). Even Ball's own case law supports this position. See Opp. at 4, citing Bank of New York, 8 Misc. 3d 1017(A), at *6-8, 803 N.Y.S.2d 17 (granting summary judgment against claim of fraudulent inducement where "written contract contradicts the claimed oral representations . . . ") (internal quotations omitted).

Here, Ball cannot dispute that it relied solely on its own investigation and the specific representations in the Merger Agreement. The Non-Reliance Clause says so:

---

(Cont'd from previous page)

care in the commercial context") (internal quotations omitted). Bank of New York v. Bram Mfg. Corp., the case Ball cites in support of its duty of care argument (Opp. at 5), is not to the contrary, holding that there was no duty of care from the defendant mortgage-guarantor to the plaintiff bank. 8 Misc. 3d 1017(A), at *9, 803 N.Y.S.2d 17 (Sup. Ct., Rockland County, 2005).

"Knowledge. [Ball] has conducted an independent investigation of the business of the Company and has been furnished with or given adequate access to such information about the business of the Company as it has requested. In entering into this Agreement, [Ball] acknowledges that it has relied solely upon the aforementioned investigation and the specific representations, warranties and covenants of the Company and the Securityholders set forth in this Agreement and the Company Disclosure Schedule and in the other documents contemplated hereby."

(Merger Agreement at § 5.11.) Such non-reliance provisions are enforceable as a matter of law. Danann Realty Corp. v. Harris, 5 N.Y.2d 317, 323, 157 N.E.2d 597 (1959) (enforcing disclaimer of reliance on extra-contractual representations); see also Abry Partners v. F & W Acquisition, 891 A.2d 1032, 1058-64 (Del. Ch. 2006).

## B. The Economic Loss Doctrine Precludes a Claim for Negligent Misrepresentation Concerning Representations Found Within the Merger Agreement

To the extent that Ball's claim for negligent misrepresentation is based on representations within the Merger Agreement, it is barred by the economic loss doctrine. Ball asserts that Berkshire failed "to provide Ball materially accurate information in connection with the Merger." (Opp. at 5.) What Ball intends by this statement is not entirely clear, but to the extent that its claim for negligent misrepresentation concerns representations within the Merger Agreement itself, the claim is barred by the economic loss doctrine.

According to the economic loss doctrine, one cannot sue in tort for that which is already governed by a contract. In re Actrade, at *5-6 (granting summary judgment and dismissing claim for negligent misrepresentation, noting that such a claim cannot be based on the "breach of a duty allegedly owed under a contract"); In re Dana Corp., 2007 WL 4105714,

5

at *4 (S.D.N.Y. 2007); <u>JP Morgan Chase Bank</u>, at 401 & 404; <u>see also</u> <u>Sterling Nat'l Bank v.</u>

<u>Park Ave. Bank, N.A.</u>, 2006 N.Y. Misc. LEXIS 2888, at *17 (Sup. Ct., N.Y. County, 2006).[4]

## II.

### THE EXCLUSIVE REMEDY CLAUSE CONFIRMS WHAT THE AGREEMENT AS A WHOLE HAS ALREADY MADE CLEAR--THAT A BREACH OF CONTRACT SUIT FOR INDEMNIFICATION AND A TORT SUIT FOR FRAUD ARE THE EXCLUSIVE REMEDIES AVAILABLE TO BALL

The Exclusive Remedy Clause reflects the unavoidable legal effect of the Non-Reliance Clause and the economic loss doctrine.  The logic is simple and inescapable.  First, according to the Non-Reliance Clause and the economic loss doctrine, a suit for indemnification is the only available cause of action for an alleged breach of the Merger Transaction.  And second, the one and only additional cause of action that is permitted is a tort suit for fraud (which Ball obviously concedes it has no basis for).  As a consequence, Ball's claim for negligent misrepresentation must be dismissed.

---

[4]    As Judge Scheindlin recently put it: "New York courts have attempted to keep contract law from drown[ing] in a sea of tort by erecting various dikes, which serve to bar actions in tort when an action in contract is available.  One such dike is the economic loss rule. Viewing the purpose of the law of contract to be the [facilitation] of voluntary economic exchange, New York courts restrict plaintiffs who have suffered economic loss, but not personal or property injury, to an action for the benefits of their bargains.  Thus, [i]f the damages suffered are of the type remediable in contract, a plaintiff may not recover in tort." <u>Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.</u>, 244 F.R.D. 204, 220 (S.D.N.Y. 2007) (internal quotations omitted).  Ball's citation of <u>Hydro Investors, Inc. v. Trafalgar Power Inc.</u> (Opp. at 6, n.4) is inapposite.  <u>Hydro Investors</u> was a case of professional malpractice.  227 F.3d 8, 18 (2d Cir. 2000).  Ball does not allege that Berkshire breached a professional duty and is not suing for professional malpractice.

## CONCLUSION

For the reasons set forth above, together with those set forth in our opening brief, Counterclaim I should be dismissed with prejudice.

Respectfully submitted,

ROPES & GRAY LLP

By _____/s/ Jerome C. Katz_____
Jerome C. Katz
1211 Avenue of the Americas
New York, New York  10036
jerome.katz@ropesgray.com
(212) 596-9000

Attorneys for Plaintiff Berkshire Partners LLC

Dated:  June 13, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2008, I served Plaintiff's Reply Memorandum of

Law in Support of Its Motion for Partial Judgment on the Pleadings upon the following

counsel of record by Federal Express and by filing such papers with the Clerk of the District

Court using the ECF system:

> Lauren E. Aguiar, Esq.
> SKADDEN, ARPS, SLATE,
>   MEAGHER & FLOM LLP
> Four Times Square
> New York, New York  10036
> laguiar@skadden.com
> (212) 735-3000


> ROPES & GRAY LLP
>
> By _____/s/ Jerome C. Katz_____
>        Jerome C. Katz
> 1211 Avenue of the Americas
> New York, New York  10036
> jerome.katz@ropesgray.com
> (212) 596-9000
>
> Attorneys for Plaintiff Berkshire Partners LLC