UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
BERKSHIRE PARTNERS LLC,                :
:
                Plaintiff,   :
:  08 Civ. 556 (GEL)
  -against-                                    :
:  **ORDER**
BALL CORPORATION,                          :
:
                Defendant.   :
:
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

       On February 14, 2006, defendant Ball Corporation ("Ball") entered a merger agreement with U.S. Can Corporation ("U.S. Can"). Plaintiff Berkshire Partners LLC ("Berkshire") serves as the representative of U.S. Can's security holders in this action. U.S. Can and Berkshire made certain representations and warranties to Ball as part of the merger agreement. In this action, Berkshire seeks a declaration that it is not required to indemnify Ball for certain losses Ball has incurred. Ball, in turn, counterclaims for breach of the merger agreement and negligent misrepresentation. In this motion for judgment on the pleadings, Berkshire seeks dismissal of the negligent misrepresentation counterclaim. The motion will be granted.

       The Merger Agreement entirely precludes any claim for negligent misrepresentation. Under New York law, a claim for negligent misrepresentation requires the plaintiff to prove that its adversary had a "duty to use reasonable care to impart correct information due to a special relationship existing between the parties," that the information provided by the adversary was "incorrect or false," and that the claimant "reasonably relied upon the information provided." Fleet Bank v. Pine Knoll Corp., 736 N.Y.S.2d 737, 741 (3d Dep't 2002). Far from being able to prove such a special relationship, or reliance on any misrepresentation, Ball agreed to terms in the Merger Agreement that flatly preclude any such claim. Section 5.11 of the Agreement[1]

---

[1] Section 5.11 provides as follows:

> Knowledge. [Ball] has conducted an independent investigation of the business of the Company and has been furnished with or given adequate access to such information about the business of the Company as it has requested. In entering into this Agreement, [Ball] acknowledges that it has relied solely upon the aforementioned investigation and the specific representations, warranties and covenants of the Company and the Securityholders

specifically disclaims any reliance on any representations outside the warranties and representations expressly made in the Agreement itself. Such a clause defeats any claim for negligent misrepresentation based on extra-contractual representations. See, e.g., JHW Greentree Capital L.P. v. Whittier Trust Co., 05 Civ. 2985, 2005 WL 3008452, at *10 (S.D.N.Y. Nov. 10, 2005).

     As for those warranties and representations that are made in the Agreement, Ball's remedy is by suit for breach of contract. This would be true as a general matter as New York law does not permit tort actions for claims that are essentially claims for breach of contractual warranties. See, e.g., JP Morgan Chase Bank v. Winnick, 350 F. Supp. 2d 393, 401 (S.D.N.Y. 2004). In this case, moreover, Section 9.6 of the Merger Agreement[2] specifically disavows any tort actions (with one exception) by providing that an action for indemnity under the contract is the "exclusive remedy for any breach of this Agreement." (Katz Decl. Ex. 1 § 9.6.) The only exception is "in respect of claims based on conduct constituting fraud or intentional misrepresentation." (Id.) Section 9.6 thus unequivocally precludes any claim for negligent misrepresentation, and Ball does not contend that its complaint makes any allegations of fraud or intentional misrepresentation.[3]

---

> set forth in this Agreement and the Company Disclosure Schedule and in the other documents contemplated hereby.

(Katz Decl. Ex. 1 § 5.11.)

[2] Section 9.6 provides:

> Exclusive Remedy. Except for remedies that cannot be waived as a matter of Law or as provided in Section 11.11, if the Closing occurs, indemnification pursuant to this Article IX and Section 6.12 will be the exclusive remedy for any breach of this Agreement (including any representation, warranty, covenant and agreement contained in this Agreement), other than in respect of claims based on conduct constituting fraud or intentional misrepresentation.

(Katz Decl. Ex. 1 § 9.6.)

[3] Although Ball argues that Section 9.6 restricts Ball's rights only with respect to claims asserting contractual "breach" and does not preclude it from seeking tort remedies, the Agreement's express inclusion of the exception for "fraud or intentional misrepresentation" — both of which sound in tort — signals that the exclusive remedy language of Section 9.6 applies to tort claims as well; otherwise, if Section 9.6 did not reach tort claims, there would be no need to specifically carve out "fraud or intentional misrepresentation" claims from the coverage of Section 9.6. See Corhill Corp. v. S.D. Plants, Inc., 9 N.Y.2d 595, 599 (1961) ("It is a cardinal

The parties' reciprocal claims turn on whether Berkshire complied with or breached its contractual warranties. Ball's counterclaim for negligent misrepresentation cannot stand in the face of the express terms of the Agreement. Accordingly, Berkshire's motion for judgment on the pleadings dismissing that counterclaim is granted.

SO ORDERED:

Dated: New York, New York
       August 4, 2008

_____
GERARD E. LYNCH
United States District Judge

---

rule of construction that a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect." (internal quotation marks omitted)).